## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CLIVE MELVILLE** and **VEX (WA)** | ) | |
| **PTY LTD**, an entity organized under | ) | |
| the laws of Australia, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 7846 |
| | ) | |
| **ROBERT ADAMS**, **JORDAN DAVIES**, | ) | |
| **CARLTON SHERMAN**, **MARK HORTON**, | ) | |
| **RENAISSANCE CAPITAL GROUP, LLC**, | ) | |
| a Nevada limited liability company, & | ) | |
| **JOHN DOES 1-5**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Although this action was filed on September 4, 2015, counsel for plaintiffs simply ignored this District Court's LR 5.2(f) directive that required the very prompt delivery of a paper copy of the Complaint to the chambers of this District Judge, to whose calendar the case has been randomly assigned. When this Court learned of that assignment some time later, it issued a September 24 memorandum order that required such delivery coupled with payment of a $100 fine because of the LR violation. Now, with plaintiffs' counsel having complied with that requirement, this Court has had the opportunity to review the 23-page Complaint and its bulky exhibits, and that review has triggered the issuance of this second sua sponte memorandum order.

It requires no careful scrutiny of the bulky documents to raise a major question as to what this lawsuit is doing in the Northern District of Illinois. None of the parties defendant is

identified as having carried on case-related activities here. Two nonparties, Oliver Harper (referred to in Complaint ¶ 7) and Bridging the Gap, SA ("Bridging," referred to in Complaint ¶ 8) are asserted to have Illinois connections, but a review of the substantive allegations of the Complaint and of its attached Exhibits really provide no support for a filing here.

As for Harper, his name is affixed to one document (a November 22, 2012 Memorandum of Understanding) as Bridging's CFO, but what is characterized as his "Signature" is obviously mechanically produced and no Complaint allegation ties that document to this state. And as for Bridging itself, Complaint Exhibit A (a detailed October 24, 2012 Joint Participation Agreement) lists that Swiss corporation's home office in Switzerland as the designated address for service of notices and lists its Founder and General Manager Belgin Ozersin (who is also not asserted to have any Illinois connections) as the person to whose attention notices must be directed (not incidentally, Ozersin signed that vital document and was the addressee of the accompanying 10 million euro commitment that was made by the other party to the basic agreement, Renaissance Capital Group, LLC).

To be sure, the Complaint is signed by an Illinois lawyer (Adam Tracy) and the check in payment of the $100 fine is drawn on the account of a Naperville, Illinois entity called "Securities Compliance Group." But those Illinois connections are no more relevant to the local filing of this lawsuit than the sometimes-encountered institution of a lawsuit by Chicago counsel of an action that has no adequate connection to this jurisdiction and that has given rise to a 28 U.S.C. § 1404(a) motion to transfer. Indeed, despite the Complaint's rote and truly vague allegations about asserted Illinois-conducted business by the five named defendants, there would appear to be a serious question as to the predicate for haling them into court here in the Northern District of Illinois.

In summary, this Court finds that a <u>very</u> early status date is called for to discuss the appropriateness or inappropriateness of retaining this action in this District Court.  Plaintiffs' counsel are ordered to appear for that status hearing at 9:15 a.m. October 5, 2015.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 30, 2015